FILED IN CHAMBERS
U.S.D.C. Rome

JAN 0 4 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID SIXTOS,

        Plaintiff,

    v.

ROB CROCKER, d/b/a RMC II,

        Defendant,

GENERAL STAR INDEMNITY CO.,

        Garnishee.

CIVIL ACTION

NO. 1:06-CV-1028-RLV

O R D E R

This garnishment action was originally filed in the State Court of Fulton County, Georgia, but was subsequently removed to this court by the garnishee, General Star Indemnity Company. This suit arises out of an incident on April 20, 2000, when the plaintiff was injured while working under a balcony that collapsed at his worksite. The defendant constructed the balcony. After obtaining a default judgment against the defendant, the plaintiff then brought the instant action to recover against the defendant's insurer at the time of the incident, General Star. Pending before the court is General Star's Motion for Summary Judgment [Doc. No. 14-1]. For the reasons set forth below, the motion is GRANTED.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his or her on which he or she bears the ultimate burden of proof. <u>Id.</u> at 322-23.  Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id.</u> at 324.  Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id.</u> at 322.

In support of its motion, General Star asserts one simple fact: the defendant, Rob Crocker, was not insured by General Star when the plaintiff sustained his injuries.  The evidence presented by General Star shows that it issued a commercial general liability insurance policy to the defendant and that that policy was effective from March 25, 1999, to March 25, 2000. [Garnishee's Mot. for Summ. J., Ex. B., Doc. No. 14-4, 32.]  Also, it is undisputed

that the plaintiff's injury occurred nearly one month after the policy expired, on April 20, 2000.  The policy obligated General Star to pay the damages for "bodily injury" that the insured (i.e., the defendant) became legally obligated to pay.  Specifically, the policy covered "bodily injury" only when the injury "occurs during the policy period." [Id. at 44.] Accordingly, General Star moves for summary judgment because the plaintiff's injury occurred after General Star's insurance policy expired.

Notably, the plaintiff does not dispute this material fact. Indeed, there is nothing before the court to suggest that there is any dispute over whether the defendant was insured by General Star at the time of the plaintiff's injury.  The plaintiff has not submitted any response to General Star's motion.  The only apparent assertion by the plaintiff is in his traverse of General Star's answer.  That submission claims that General Star is obligated for the personal injury damages because its liability policy was in effect when the defendant framed the balcony that later collapsed, not that the policy was in effect when the plaintiff was actually injured.  Essentially, the plaintiff's argument is that the defendant built the balcony during the period the insurance policy was in effect, that he was negligent when he built the balcony, and, therefore, General Star is liable for the negligent building of the balcony.  Nevertheless, this single submission addressing the merits of the case fails to allege or show that there is a material fact at issue; it goes only to whether the insurance

3

coverage was triggered when the balcony was built or when the injury occurred.  Thus, General Star has met its burden of showing that there is no dispute of material fact.

Addressing the merits of the case, this court concludes that because the injury did not occur until after the policy had expired, General Star is not obligated to cover those damages.  The cause of action in this case is a breach of contract claim.  In Georgia, the rule of lex loci contractus applies and, thus, a contract is to be interpreted according to the law of the state in which it was made.  Convergys Corp. v. Keener, 276 Ga. 808 (2003). The insurance contract here was made in North Carolina where it was issued.  According to North Carolina law, determining whether coverage exists under an insurance contract requires "compar[ing] the complaint with the policy to see if the allegations describe facts which appear to fall within the insurance coverage."  Nelson v. Hartford Underwriters Ins. Co., 630 S.E.2d 221, 229 (N.C. Ct. App. 2006).

The undisputed facts show that the insurance policy in this case was not triggered until there was a "bodily injury" that occurred during the policy period.  Consequently, because it is undisputed that the plaintiff's injury in this case occurred nearly a month after General Star's policy lapsed, General Star's duty to cover damages for liability under the insurance policy never arose. Therefore, even if the court assumes that the defendant is liable for the plaintiff's injury, the defendant's liability insurance

4

through General Star was not triggered and General Star is not required to pay the plaintiff damages.

Since its insurance policy was never triggered, summary judgment in favor of General Star is appropriate. For the foregoing reasons, General Star's Motion for Summary Judgment [Doc. No. 14-1] is GRANTED.

SO ORDERED, this __4TH__ day of January, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge