FILED IN CHAMBERS
U.S.D.C. Rome

JAN 22 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID SIXTOS,

        Plaintiff,

   v.

ROB CROCKER, d/b/a RMC II,

        Defendant,

GENERAL STAR INDEMNITY CO.,

        Garnishee.

CIVIL ACTION

NO. 1:06-CV-1028-RLV

O R D E R

This garnishment action was terminated on January 4, 2007, after this court granted summary judgment in favor of the garnishee, General Star. This suit arose out of an incident on April 20, 2000, when the plaintiff was injured while working under a balcony that collapsed at his worksite. The defendant had constructed the balcony. Pending before the court is General Star's Motion for Attorney's Fees and Sanctions [Doc. No. 17-1]. For the following reasons, the motion is DENIED.

After obtaining a default judgment against the defendant, the plaintiff then brought this garnishment action in the State Court of Fulton County, Georgia, to recover against the defendant's insurer at the time the balcony was built, General Star. Subsequently, General Star filed its answer and removed this action to federal court. The plaintiff traversed that answer but filed nothing in this matter after his initial disclosures and

certificate of discovery were entered.  After the discovery period concluded, General Star filed a motion for summary judgment.  The plaintiff did not file a response.  On January 4, 2007, this court granted General Star's motion for summary judgment because although the plaintiff did sustain bodily injury, that incident occurred after General Star's liability policy had expired, and so General Star's duty to cover damages never arose under the terms of its policy.  [Doc. No. 15.]

General Star has moved this court to award attorney's fees for having to defend against a frivolous claim under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the inherent powers of this court.

RULE 11 SANCTIONS

General Star asserts that Rule 11 sanctions are warranted because it had to defend against an allegedly frivolous claim that was filed by the plaintiff in violation of Rule 11(b). Significantly, however, General Star has not shown that it first complied with the safe harbor provision of Rule 11(c)(1)(A), which requires that the party against whom sanctions are sought be given 21 days to correct the sanctionable conduct before sanctions under Rule 11 may be awarded.  Consequently, no sanctions under this provision are appropriate.

28 U.S.C. § 1927

General Star also asserts that because the plaintiff was aware that the liability policy had expired before his injury occurred, his garnishment claim was frivolous.  Thus, according to the

2

defendant, sanctions under §1927 are warranted.  The plaintiff's response is that at the time he filed his traverse he knew that the defendant was insured when the balcony was constructed and, because he did not yet have a copy of the actual policy, reasonably assumed that the policy covered the negligent construction regardless of when an injury resulting from the negligence occurred.  According to the plaintiff, it was only later that he learned the policy merely covered bodily injury sustained while the policy was in effect.  Nevertheless, the plaintiff's theory to support his claim at that point evolved to become based on a public policy argument, i.e., that the contract provision excluding coverage for any injury sustained outside of the coverage dates was against public policy and thus unenforceable.

Under 28 U.S.C. § 1927, sanctions may be required where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously."  The Eleventh Circuit has interpreted this statute to impose three requirements for awarding sanctions: "an attorney must engage in unreasonable *and* vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."  Schwartz v. Millon Air Inc., 341 F.3d 1220, 1225 (11th Cir. 2003).  The standard under this statute is high.  Not only is "something more than a lack of merit" required to award sanctions, but also § 1927 "was designed to sanction attorneys who willfully

3

abuse the judicial process by conduct tantamount to bad faith." Id. (Internal quotations omitted).

Accordingly, to award sanctions there must be something more than mere negligence or objectionable conduct. "Bad faith is the touchstone." Id. "A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1193 (11th Cir. 2006). Thus, this court's analysis of the plaintiff's allegedly sanctionable conduct begins with a determination of bad faith.

Knowing that General Star's policy was in effect when the balcony was built by the defendant, the plaintiff's attorney based his suit on the theory that General Star was liable for injuries caused by that balcony because it had been constructed during the policy period. Later, after learning that the insurance policy actually excluded injuries that occurred outside of the policy period, the plaintiff changed his theory and asserted that the exclusion was unenforceable for being against public policy. Although counsel's theories may have been poorly thought out, and indeed may even have been meritless, they do not rise to the level of sanctionable conduct under § 1927. Both of counsel's theories were arguably plausible. Regardless of the fact that the great majority of case law weighed against his case, the claims pursued in this garnishment action nevertheless were rationally based in

4

theories of law.   Consequently, this court concludes that the plaintiff's claims were not frivolous, and, therefore, the plaintiff's counsel did not act in bad faith.

Moreover, the plaintiff's counsel's actions in this matter do not show that he needlessly multiplied the proceedings.  Before the close of discovery, the plaintiff's counsel informed his client that his case was weak and that he would need to retain an expert witness to testify in support of the public policy theory or find substitute counsel.   After the defendant filed its motion for summary judgment, the plaintiff informed counsel that he did not wish to retain an expert or find substitute counsel.   At that point, nothing else was filed by the plaintiff.   Indeed, counsel did not even request extension of his timelines.  Without an expert witness, the plaintiff's case became fatally weak and so plaintiff's counsel did not oppose the motion for summary judgment. The actions by the plaintiff's counsel in this matter clearly did not prolong or multiply the proceedings any more than necessary and were not dilatory.

Even if this court were to agree with defense counsel that the proper or reasonable course of action at that stage was for plaintiff's counsel to withdraw his case, "an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney."   Amlong, 457 F.3d at 1193.   The plaintiff's counsel's actions, while arguable

objectionable, did not rise to the egregious level required by the statute.  Thus, sanctions under § 1927 are not warranted.

INHERENT POWERS OF THE COURT

Lastly, the defendant urges this court to use its inherent powers and award sanctions.  However, a determination of bad faith is also the touchstone here.  "[B]efore a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith."  Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2003)(Internal quotations omitted).  Because awarding sanctions under this court's inherent powers requires a finding of bad faith, and this court has found none, sanctions pursuant to this court's inherent powers are similarly unwarranted.

CONCLUSION

For the foregoing reasons, General Star's Motion for Attorney's Fees and Sanctions [Doc. No. 17-1] is hereby DENIED.


SO ORDERED, this _22nd_ day of January, 2007.


ROBERT L. VINING, JR.
Senior United States District Judge

6